O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON MASSEY, | ) Case No. CV 12-9222-OP |
| Plaintiff, | ) |
| v. | ) MEMORANDUM OPINION AND ) ORDER |
| CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security, | ) ) ) |
| Defendant. | ) |

The Court[2] now rules as follows with respect to the disputed issues listed in the Joint Stipulation ("JS").[3]

---

[1] Carolyn W. Colvin, the current Acting Commissioner of Social Security, is hereby substituted as the Defendant herein. See Fed. R. Civ. P. 25(d)(1).

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (ECF Nos. 11, 12.)

[3] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which
(continued...)

# I.

# **DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues raised by Plaintiff as the grounds for reversal and/or remand are as follows:

1) Whether the Administrative Law Judge ("ALJ") properly considered Plaintiff's testimony; and

2) Whether the ALJ properly considered the lay witness testimony.

(JS at 4.)

# II.

# **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

---

[3](...continued)
party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g). (ECF No. 4 at 3.)

# III.
# DISCUSSION

### A. The ALJ's Findings.

The ALJ found that Plaintiff has the following severe impairments: obesity, insulin-dependent diabetes mellitus, and high blood pressure. (Administrative Record ("AR") at 14.) The ALJ concluded that Plaintiff retains the residual functional capacity ("RFC") to perform a range of light work with the following limitations: occasionally pushing and pulling with the feet; no crawling; occasional climbing of stairs; no working near unprotected heights; no climbing ladders; no working around unusual amounts of dusts, fumes, and gases; no driving long distances; and enduring only occasional temperature changes. (Id. at 15.)

Relying on the testimony of the vocational expert ("VE"), the ALJ determined that given Plaintiff's age, education, work experience, and RFC, she is capable of performing the requirements of such light occupations as: sorter (Dictionary of Occupational Titles ("DOT") No. 222.687-014); inspector (DOT No. 529.687-186); and folder (DOT No. 369.687-018). (AR at 18.) Thus, the ALJ determined that Plaintiff has not been under a disability, as defined by the Social Security Act. (Id.)

### B. The ALJ Properly Evaluated Plaintiff's Credibility.

Plaintiff asserts that the ALJ failed to provide clear and convincing reasons for rejecting her subjective complaints. (JS at 5-14, 23.) Specifically, Plaintiff states that "the ALJ decision is void of any sufficient rationale at all as to why the ALJ ignored and disregards Ms. Massey's testimony." (Id. at 7.) Plaintiff also contends that the ALJ rejected Plaintiff's testimony using boilerplate language "because that testimony is inconsistent with what the ALJ believes it should be," or only "because it lacks support in the objective medical evidence." (Id. at 8-9.) Moreover, Plaintiff claims that her attempt to maintain "some semblance of

normalcy in her life in performing minimal activities of daily living" does not detract from her credibility as to her overall disability because it does not correspond to an ability to perform work activity.  (Id. at 11.)

### 1. **Legal Standard.**

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight."  Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986).  When, as here, an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings.  Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that claimant was not credible is insufficient).  The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."  Thomas, 278 F.3d at 958; Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345.

Once a claimant has presented medical evidence of an underlying impairment which could reasonably be expected to cause the symptoms alleged, the ALJ may only discredit the claimant's testimony regarding subjective pain by providing specific, clear, and convincing reasons for doing so.  Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  An ALJ's credibility finding must be properly supported by the record and sufficiently specific to ensure a reviewing court that the ALJ did not arbitrarily reject a claimant's subjective testimony.  Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991).

An ALJ may properly consider "testimony from physicians . . . concerning the nature, severity, and effect of the symptoms of which [claimant] complains," and may properly rely on inconsistencies between claimant's testimony and claimant's conduct and daily activities.  See, e.g., Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (citation omitted).  An ALJ also may consider "[t]he

nature, location, onset, duration, frequency, radiation, and intensity" of any pain or other symptoms; "[p]recipitating and aggravating factors"; "[t]ype, dosage, effectiveness, and adverse side-effects of any medication"; "[t]reatment, other than medication"; "[f]unctional restrictions"; "[t]he claimant's daily activities"; "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment"; and "ordinary techniques of credibility evaluation," in assessing the credibility of the allegedly disabling subjective symptoms.  Bunnell, 947 F.2d at 346-47; see also Soc. Sec. Ruling 96-7p; 20 C.F.R. 404.1529 (2005); Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly rely on plaintiff's daily activities, and on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support, lack of treatment, daily activities inconsistent with total disability, and helpful medication); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on the fact that only conservative treatment had been prescribed); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on claimant's daily activities and the lack of side effects from prescribed medication).

    **2.**    **Analysis.**

As stated by the ALJ, Plaintiff alleged problems with blacking out due to her uncontrolled diabetic blood sugars, dizziness, shortness of breath, weakness, and lethargy. (AR at 16.)  She claims that she has stopped going out for walks because she experiences dizziness and shortness of breath, requiring her to sit or lie down. (Id.)  She also contends her weakness, lethargy, and dizziness preclude her from taking care of her grandchildren. (Id.)

The ALJ then provided additional clear and convincing reasons for his discounting of Plaintiff's subjective complaints.

First, the ALJ found inconsistencies between Plaintiff's claimed limitations

and objective medical findings. (AR at 16.) To the extent the ALJ relied on the fact that the objective medical evidence does not support Plaintiff's alleged severity of symptoms, although a lack of objective medical evidence may not be the sole reason for discounting a plaintiff's credibility, it is nonetheless a legitimate and relevant factor to be considered. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Here, the report of Dr. Bailey, the medical expert, found that Plaintiff retained the RFC consistent with a less than full range of light work (AR at 16), while the consultative examiner and State Agency medical reviewer assessed Plaintiff as capable of medium work (id. at 17). The ALJ gave Plaintiff the benefit of the doubt by giving greater weight to the opinion of the medical expert. (Id.) The ALJ noted that according to the medical expert, Plaintiff's alleged symptoms of weakness, lethargy, and dizziness could not be attributed to her severe impairments. (Id. at 16.) Morgan, 169 F.3d at 600 (a conflict between subjective complaints and objective medical evidence in the record is a sufficient reason that undermines a claimant's credibility).

      Furthermore, the ALJ did not rely on this factor alone. He also noted inconsistent statements made by Plaintiff regarding the basis for her disability. For instance, the records of Plaintiff's treating physician, Dr. Young Harding, consistently showed that despite Plaintiff's allegations of disabling symptoms, Plaintiff regularly denied those problems typically associated with diabetes and hypertension, including chest pain, shortness of breath, dysuria, urinary frequency, headaches, hypoglycemia, and visual disturbances. (AR at 16.) The ALJ concluded that Plaintiff's statements in the treatment notes were not consistent with her subjective complaints and, therefore, "cast[ed] a blemish upon her overall credibility." (Id.) This is a specific and legitimate reason for discounting Plaintiff's credibility. Thomas, 278 F.3d at 959 (the ALJ properly drew an adverse credibility inference based on inconsistent statements).

      In addition, the ALJ noted that treatment notes from Dr. Harding dated

December 2005 through January 2008 document "little more than routine, follow-up care" for Plaintiff's diabetes and hypertension. (AR at 16.) Conservative or infrequent treatment may be used by the ALJ to refute allegations of disabling pain. See Johnson, 60 F.3d at 1434.

The ALJ also found that Plaintiff was noncompliant with a relatively conservative treatment regimen. The ALJ noted that Plaintiff's "diabetes would be much better controlled" if she would lose weight, but Plaintiff was "poorly compliant with her exercise regimen." (AR at 16.) The ALJ noted that Plaintiff could be expected to have problems with weakness if she did not get out frequently to exercise. (Id.) Again, this is a specific and legitimate reason for discounting credibility. Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) (an ALJ is permitted to consider lack of treatment in his credibility determination); see also Soc. Sec. Ruling 82-59 (when a disabling condition is amenable to treatment, claimant must follow the course of treatment); id. 96-7p (an individual may be less credible for failing to follow prescribed treatment without cause); 220 C.F.R. § 416.930 (applicant must follow treatment).

Even so, the ALJ noted that Plaintiff's diabetes, obesity, and hypertension were "better controlled" by October 2007, and that she was "doing well" by January 2008. (AR at 16.) As such, because Plaintiff's diabetes, obesity, and hypertension could be controlled effectively, her complaints that she was unable to work as a result of her severe impairments were properly discounted. Odle v. Heckler, 707 F.2d 439, 440 (9th Cir. 1983) (where claimant's multiple impairments were controllable by medication or other forms of treatment, ALJ did not err by finding impairments did not significantly limit claimant's exertional capabilities); Crane v. Shalala, 76 F.3d 251, 254 (9th Cir. 1996) (ALJ properly considered claimant's good response to treatment).

Based on the foregoing, the Court finds the ALJ's credibility finding was supported by substantial evidence and was sufficiently specific to permit the Court

to conclude that the ALJ did not arbitrarily discredit Plaintiff's subjective testimony. Thus, there was no error.

## C. The ALJ Properly Considered the Lay Witness Testimony.

Donisha West, identified as Plaintiff's daughter, testified that she gives her mother insulin shots when her mother becomes too weak, dizzy, and lightheaded; that her mother sweats a lot; and that her mother does not like to socialize. (AR at 57.) Plaintiff contends it was error for the ALJ to disregard these statements without explanation. (JS at 20.)

Title 20 C.F.R. §§ 404.1513(d) and 416.913(d) provides that, in addition to medical evidence, the Commissioner "may also use evidence from other sources to show the severity of [an individual's] impairment(s) and how it affects [his] ability to work," and the Ninth Circuit has repeatedly held that "[d]escriptions by friends and family members in a position to observe a claimant's symptoms and daily activities have routinely been treated as competent evidence." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987). This applies equally to the sworn hearing testimony of witnesses (see Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996)), as well as to unsworn statements and letters of friends and relatives. See Schneider v. Comm'r of Soc. Sec. Admin., 223 F.3d 968, 975 (9th Cir. 2000). If the ALJ chooses to reject such evidence from "other sources," he may not do so without comment. Nguyen, 100 F.3d at 1467. The ALJ must provide "reasons that are germane to each witness." Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

The ALJ's failure to address lay witness testimony generally is not harmless. Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1991). In failing to address a lay witness statement, the error is harmless only if "a reviewing court . . . can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1056 (9th Cir. 2006); see also

1 Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006).

Here, the ALJ failed to address the testimony of Plaintiff's daughter. A review of that testimony, however, demonstrates that it is not inconsistent with the ALJ's findings and, therefore, it is not at all clear that the ALJ actually rejected this evidence. Accordingly, there was no need for the ALJ to discuss this evidence.

For instance, Donisha West's statement that Plaintiff becomes too weak, dizzy, and lightheaded to give herself insulin shots (AR at 57) is reflected in the ALJ's findings that Plaintiff is able to perform less than a full range of light work with nonexertional limitations, including only occasional pushing and pulling with the feet, no crawling, occasional climbing of stairs, no working at unprotected heights or climbing ladders, no working around unusual amounts of dusts, fumes, and gases, no driving long distances, and the ability to tolerate only occasional temperature changes. (AR at 16.)

However, even if the ALJ's failure to address the opinions of Plaintiff's daughter was error, the error is harmless because no reasonable ALJ would have reached a different disability determination having considered it. Stout, 454 F.3d at 1056; Robbins, 466 F.3d at 885. This is because the opinions of Plaintiff's daughter basically mirrored the subjective complaints of Plaintiff, which were properly rejected by the ALJ, as discussed in part above. (See Discussion Part III.B.) Thus, the Court finds that even if this testimony was fully considered, no reasonable ALJ could have reached a different disability determination. Accordingly, any error was harmless.

Based on the foregoing, the Court finds that relief is not warranted on Plaintiff's claim.

///
///
///

9

## IV.

## **ORDER**

Based on the foregoing, IT IS THEREFORE ORDERED, that judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

Dated: July 24, 2013

HONORABLE OSWALD PARADA
United States Magistrate Judge